UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

JERMAINE PENN,

                                        Plaintiff,      **AMENDED COMPLAINT**

          -against-                              12 CV 3613 (ARR) (RML)

THE CITY OF NEW YORK, P.O. MICHAEL WALSH,      **JURY TRIAL DEMANDED**
SGT. DOMAGOJ ANTICEV, P.O. MICHAEL
TAGGART, P.O. ROBERT FRANK, and P.O.s  JOHN
and JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

----------------------------------------------------------------------X

       Plaintiff JERMAINE PENN, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

       4.     Venue is properly laid in the Eastern District of New York under U.S.C.

§ 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff JERMAINE PENN is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants P.O. MICHAEL WALSH, SGT. DOMAGOJ ANTICEV, P.O. MICHAEL TAGGART, P.O. ROBERT FRANK, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## INCIDENT FACTS

13. On February 26, 2011, at approximately 11:00 p.m., plaintiff JERMAINE PENN was lawfully present in an apartment on the 10th floor of 2950 W. 35th Street, in the County of Kings, in the City and State of New York.

14. Plaintiff JERMAINE PENN had stopped by the apartment to pick up his friend and then go to a party elsewhere.

15. As plaintiff JERMAINE PENN sat in the living room, waiting for his friend, another individual ran into the apartment.

16. Upon information and belief, this individual was a drug dealer, known to the police as such.

17. Moments later, plaintiff JERMAINE PENN heard pounding on the apartment door.

18. The individual and the other occupants of the apartment ran up to the second floor of the apartment, while plaintiff remained seated on the living room couch.

19. Defendants punched out the peephole of the apartment, and could see plaintiff seated on the couch.

20. Defendants could see that plaintiff JERMAINE PENN was not doing anything

unlawful.

21. After a while, plaintiff JERMAINE PENN unlocked the apartment door and stepped out into the hallway.

22. Plaintiff JERMAINE PENN did not possess, actually or constructively, a weapon, marijuana, or any other unlawful substance, inside or outside the apartment.

23. Nonetheless, defendants handcuffed plaintiff JERMAINE PENN and placed him under arrest on drugs and weapons charges, despite defendants' knowledge that they lacked probable cause to do so.

24. Defendants transported plaintiff JERMAINE PENN to PSA 1 of the New York City Police Department in Brooklyn, New York.

25. Plaintiff JERMAINE PENN was then transported to Brooklyn Central Booking.

26. Defendant P.O. MICHAEL WALSH falsely swore in a criminal court affidavit that he had observed plaintiff JERMAINE PENN sell marijuana.

27. The other defendants, knowing the criminal court affidavit to be false, aided and abetted defendant P.O. MICHAEL WALSH by failing to reveal this information.

28. At plaintiff JERMAINE PENN's arraignment, bail was set at $30,000 because of defendants' false statements.

29. Plaintiff JERMAINE PENN was unable to make bail at that time, and was sent to Riker's Island.

30. During the period between February 26, 2011 and July 28, 2011, plaintiff JERMAINE PENN was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

31. On or about July 28, 2011, all charges against plaintiff JERMAINE PENN were

dismissed.

32. Plaintiff JERMAINE PENN was held and detained in police custody for approximately one week.

33. As a result of the foregoing, plaintiff JERMAINE PENN sustained, *inter alia*, emotional distress, embarrassment, and humiliation, financial loss, and deprivation of his constitutional rights.

## MONELL FACTS

34. Both before and after the arrest of plaintiff JERMAINE PENN, a custom and practice of lawlessness and corruption pervaded Queens and Brooklyn narcotics operations.

35. As a direct result of this custom and practice, defendants in the instant matter felt free to arrest plaintiff JERMAINE PENN without probable cause and to manufacture evidence against him.

36. This custom and practice was first exposed in January of 2008, when four officers from Brooklyn South Narcotics were arrested and charged with criminal offenses.

37. The on-going custom and practice in Queens and Brooklyn was confirmed in October of 2011 in sworn testimony by former NYPD officer Steven Anderson.

38. Upon information and belief, because of the custom and practice of corruption and lawlessness in Queens and Brooklyn, approximately 400 criminal prosecutions had to be dismissed by the Queens County and Kings County District Attorney's Offices.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40. All of the aforementioned acts of defendants, their agents, servants and

employees, were carried out under the color of state law.

41. All of the aforementioned acts deprived plaintiff JERMAINE PENN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

44. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of the aforesaid conduct by defendants, plaintiff JERMAINE PENN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended

period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Each and every individual defendant had an affirmative duty to intervene on plaintiff JERMAINE PENN's behalf to prevent the violation of his constitutional rights.

50. The individual defendants failed to intervene on plaintiff JERMAINE PENN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

51. As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false arrest and malicious prosecution.

## FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants issued legal process to place plaintiff JERMAINE PENN under arrest.

54. Defendants arrested plaintiff JERMAINE PENN in order to obtain a collateral objective outside the legitimate ends of the legal process.

55. Defendants acted with intent to do harm to plaintiff JERMAINE PENN without excuse or justification.

## FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants created false evidence against plaintiff JERMAINE PENN.

58. Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's Office.

59. Defendants misled juries, judges, and/or prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

60. In creating and forwarding false information to prosecutors, defendants violated plaintiff JERMAINE PENN's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. Defendants misrepresented and falsified evidence before the District Attorney.

63. Defendants did not make a complete and full statement of facts to the District Attorney.

64. Defendants withheld exculpatory evidence from the District Attorney.

65. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JERMAINE PENN.

66. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JERMAINE PENN.

67. Defendants acted with malice in initiating criminal proceedings against plaintiff JERMAINE PENN.

68. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JERMAINE PENN.

69. Defendants lacked probable cause to continue criminal proceedings against plaintiff JERMAINE PENN.

70. Defendants acted with malice in continuing criminal proceedings against plaintiff JERMAINE PENN.

71. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

72. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JERMAINE PENN's favor on July 28, 2011, when all charges against him were dismissed on motion of the District Attorney's Office.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants arrested and incarcerated plaintiff JERMAINE PENN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

75. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

76. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

77. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

   c) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

78. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Theodore Richardson v. City of New York,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Dwayne Cooper v. City of New York,** United States District Court, Eastern District of New York, 06 CV 2139;

- **Mike Rivera v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4555;

- **Haile Dabreo v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4698;

- **Moses Boyd v. City of New York,** United States District Court, Eastern District of New York, 08 CV 4457; and

- **Jose Colon v. City of New York,** United States District Court, Eastern District of New York, 09 CV 0008.

79. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals," from the information about quotas provided by police officers Adrian Schoolcraft and Adil Polanco, and from audiotapes secretly recorded at the 81st Precinct in September 2010.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JERMAINE PENN.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JERMAINE PENN as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JERMAINE PENN as alleged herein.

83. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JERMAINE PENN was falsely arrested and incarcerated and maliciously prosecuted.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JERMAINE PENN.

85. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JERMAINE PENN's constitutional rights.

86. All of the foregoing acts by defendants deprived plaintiff JERMAINE PENN of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process;

    D. To be free from unwarranted and malicious criminal prosecution;

    E. Not to have cruel and unusual punishment imposed upon him; and

    F. To receive equal protection under the law.

87. As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff JERMAINE PENN demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
            January 4, 2013

                                                     /s
                                      ROSE M. WEBER (RW 0515)
                                      225 Broadway, Suite 1607
                                      New York, NY 10007
                                      (212) 748-3355